ROBERTSON, Presiding Judge.
The General Electric Company (GE) operates a plastics manufacturing plant in Burkville, Alabama. In 1988 GE applied to the Alabama Department of Environmental Management (ADEM) for a permit to construct and operate two new boilers at the Burkville plant. A public hearing was held, with ADEM receiving comments from the public, which included the Plumbers and Steamfitters Local Union 52 (Union). Upon issuance of the permit, the Union appealed ADEM’s decision to the Alabama Environmental Management Commission (AEMC). GE moved to intervene in the proceeding.
Contrary to the recommendation of the hearing officer, AEMC approved the permit as issued by ADEM. The Union then filed a notice of appeal in the Montgomery County Circuit Court, specifying the appeal to be pursuant to § 22-22A-7(c)(6), Code 1975. No other notices or pleadings were ever filed by the Union regarding its appeal.
Almost four months following the notice of appeal being filed, both ADEM and GE filed motions to dismiss the appeal due to the Union’s failure to perfect its appeal in accordance with § 41-22-20, Code 1975, a provision of the Administrative Procedure Act (APA) which the legislature made applicable to appeals from AEMC -in 1986. After extensive briefing by all the parties and oral argument, the trial court ruled that the APA was applicable and that the Union’s failure to comply with the APA required dismissal of the case. The Union appeals.
The dispositive issues before this court are whether the appellate procedures in the APA apply to the Union’s appeal, and if so, whether the failure to comply with those procedures requires dismissal of the appeal.
The trial court’s order stated, inter alia, as follows:
“The Union filed its appeal by means of a ‘Notice of Appeal’ which stated in its entirety the following:
“ ‘Comes now the Plaintiff in the above styled matter and, pursuant to the appeal procedure set forth in Ala. Code Section 22-22A-7(c)(b) [sic] (1975), appeals the order of the Alabama Environmental Management Commission entered herein on the 19th day of July 1989, to the Circuit Court of Montgomery County and as grounds therefor states that the order entered by the commission is unsupported by the evidence and contrary to the laws of the State of Alabama.’
“The Notice of Appeal was filed on August 15, 1989, within thirty days after the commission issued its order. However, the union filed no other document or pleading with this court after that date.
“ADEM and GE maintain that the Union’s filing of a Notice of Appeal is not *345 adequate to vest this court with jurisdiction in this matter. Rather, they argue that appeals are governed by the procedures in Ala. Code, § 41-22-20 (1989 Supp.), a provision of the Administrative Procedure Act (APA), except in those respects where the APA procedures conflict with the judicial review requirements in Ala. Code § 22-22A-7(c)(6) (1989 Supp.), a provision of the Environmental Management Act. Further, they argue that the Union did not satisfy the APA procedures, specifically the filing of a proper petition for review and a cost bond. In support of this argument, they point to § 41-22-27(f) of the APA, which states in relevant part that:
“ ‘Except as provided in subdivision (6) of subsection (c) of § 22-22A-7, judicial review of any order of the environmental management commission ... shall be in accordance with the provisions for review of final agency decisions of contested cases in §§ 41-22-20 and 41-22-21.’
“Moreover, to the extent that there is any ambiguity in the legislature’s instructions, GE at oral argument urged this court to apply the familiar principle of statutory construction that where two statutes apply (here, § 22-22A-7(c)(6) and § 41-22-20), a court’s role is to construe the statutes together and reconcile them so as to give maximum effect to both statutes. See City of Mobile v. GSF Properties, 531 So.2d 833 (Ala.1988). GE argues that, under this principle of statutory construction, § 41-22-27(f) should be read such that the appeal procedures in § 41-22-20 fully apply except in those respects where they are inconsistent with the requirements of § 22-22A-7(c)(6).
“In response, the Union argues that § 41-22-27(f) means that the filing for review of final commission orders is governed exclusively by the procedures in § 22-22A-7(c)(6), while all other aspects of judicial review (e.g., evidence, presumptions, grounds for reversal) are governed by § 41-22-20 and § 41-22-21.... Thus, according to the Union, it needed only to file a notice of appeal within thirty days after the commission issued its order, in accordance with the procedures in § 22-22A-7(c)(6).
“... Section 22-22A-7(e)(6) provides only three instructions: (1) the appropriate court in which to appeal a commission order (Montgomery County Circuit Court or the circuit court in which the applicant does business or resides); (2) the time for appeal (within thirty days after issuance of the commission’s order); (3) that judicial review is on the administrative record. Section 22-22A-7(c)(6) does not specify what pleading is to be filed or what must be contained in that pleading, as the union suggests. Logically, if § 22-22A-7(c)(6) were the only judicial review provision, one would need to turn to some other authority for that information. In this court, prior to the date the APA applied to review of commission decisions (1986), this court’s rules (specifically, Local Rule 1) provided that information. When the APA became applicable in 1986, the APA established those procedures.
[[Image here]]
“... Section 41-22-27(f) explicitly states that § 41-22-20 applies to review of Environmental Management Commission orders except in those respects where the agency-specific review provision (i.e., § 22-22A-7(c)(6) is inconsistent with the APA. Because the method of perfecting an appeal in the APA presents no inconsistencies (except as discussed below) with § 22-22A-7(c)(6), the APA method applies in this case.
“... The common sense interpretation of § 41-22-27(f) is that everything in § 41-22-20 applies with regard to final commission decisions modifying, approving, or disapproving ADEM’s action, except where a particular aspect of § 41-22-20 is inconsistent with a provision of § 22-22A-7(c)(6). Comparing § 41-22-20 and § 22-22A-7(c)(6), there appears to be only one inconsistency: the time for filling an appeal.
[[Image here]]
“Other than in this respect, however, there is nothing in § 41-22-20 that is inconsistent with a provision of § 22-22A-7(e)(6), and there is no reason why § 41-22-20 *346 procedures do not apply.... For all these reasons, this court finds that the appeal procedures in the APA apply except in the limited respect in which those procedures are inconsistent with the provisions of § 22-22A-7(c)(6).
[[Image here]]
“Under the APA, proceedings for judicial review are instituted by filing a notice of appeal and a cost bond with the agency, and a petition for review with the court. See § 41-22-20(b) and (d). That petition for review must meet the specific requirements of § 41-22-20(h). Failure to file a proper petition for review operates as a waiver of the right of review. However, within four months after the issuance of the agency order, the court may issue an order permitting review notwithstanding a party’s waiver of the right to file. See § 41-22-20(d).
“Because the four month period has long since passed in this case, this court may not allow this case to proceed if it finds that the APA procedures were not followed....
[[Image here]]
“Section 41-22-20(h) contains the requirements for a proper petition for review. Specifically, a petition must contain a concise statement of (1) the nature of the agency action which is the subject of the petition; (2) the particular agency action appealed from; (3) the facts and law on which jurisdiction and venue are based; (4) the grounds on which relief is sought; and (5) the relief sought. The Union’s notice of appeal falls short of meeting these requirements.
“... Were it not for the fact that the notice contains what is apparently the administrative docket number in the location where the court's docket number should appear, one would not even know how to determine which commission order issued on July 19 (assuming there was more than one) was being appealed.
[[Image here]]
“Besides not filing a proper petition for review, the Union also did not file a cost bond with ADEM as required by § 41-22-20(b)....
[[Image here]]
“In sum, the Union’s failure to follow the procedures of the APA requires this court to dismiss this case. See State Medicaid Agency v. Anthony, 528 So.2d 326 (Ala.Civ.App.1988) (failure to file notice of appeal with state agency pursuant to § 41-22-20 requires dismissal).
“It is therefore ORDERED, ADJUDGED AND DECREED by the Circuit Court of Montgomery County, Alabama, that the motions to dismiss are due to be and are hereby granted, and this case is dismissed for lack of jurisdiction.”
(Emphasis in original.)
We hold that the trial court made a correct and common sense interpretation of the applicable statutes by holding that the appellate procedures of the APA applied to the Union’s appeal, and that failure to timely comply with those procedures in this case required dismissal of the appeal. This conclusion is consistent with the principle that, where sections in pari materia are general and specific, the more specific controls the more general. Ex parte Coffee County Comm’n, 583 So.2d 985 (Ala.1991).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., dissents.