The Plumbers and Steamfitters Local Union 52 ("Local 52"), has petitioned for certiorari review of the judgment of the Alabama Court of Civil Appeals in Plumbers Steamfitters,Local Union 52 v. Alabama Dep't of Envtl. Management,622 So.2d 343 (Ala.Civ.App. 1992). The Court of Civil Appeals affirmed the trial *Page 348 
court's judgment dismissing Local 52's appeal from a decision of the Alabama Environmental Management Commission ("EMC"); that dismissal had been on motion of General Electric Company ("G.E."), and the Alabama Department of Environmental Management ("ADEM"), who are respondents in this Court.
The undisputed facts of this case are as follows:
In 1988, G.E. applied to ADEM for permits to build and operate two boilers at its Burkville, Alabama, plastics manufacturing plant. ADEM approved, and issued G.E. the permits; thereafter, Local 52 filed an appeal of that issuance with the EMC. In response, the EMC appointed a hearing officer to make a recommendation to it as to how it should rule on Local 52's appeal.
After extensive discovery, a hearing was held on April 19 and 20, 1989. Thereafter, the hearing officer recommended that the issuance of the permits be reversed. She concluded that, contrary to law, ADEM had failed to properly examine whether G.E. would utilize the best available technology for controlling air pollutants. In this regard, she stated that "the evidence established that ADEM, in violation of EPA policy statements and guidelines, failed to adequately consider alternative technologies available." She further determined that ADEM had issued the permits without obtaining "monitoring data and inventory data in arsenic and benzene emissions." She stated that, in fact, "ADEM and G.E. ha[d] not performed an air quality analysis for arsenic and benzene."
Despite the conclusions of its hearing officer, the EMC affirmed the issuance of the permits. From that decision, Local 52 appealed to the Circuit Court of Montgomery County, consistent with the review provisions of the Alabama Environmental Management Act (the "AEMA") at Ala. Code 1975, § 22-22A-7(c)(6).
It is undisputed that Local 52 did not comply with the provisions of the Administrative Procedure Act (the "APA") at Ala. Code 1975, § 41-22-20.
At issue is whether in perfecting an appeal of a decision of the EMC, like this one, one is required only to adhere to the AEMA at § 22-22A-7(c)(6). On this question, the trial court determined that in most respects § 41-22-20 of the APA must be followed in addition to the requirements of § 22-22A-7(c)(6), and it dismissed Local 52's appeal.
The AEMA, at Ala. Code 1975, § 22-22A-7(c)(6), which Local 52 followed in appealing, provides in pertinent part:
 "(6) Any order of the environmental management commission . . . , modifying, approving or disapproving the department's administrative action, constitutes a final action of the department and is appealable to the Montgomery county circuit court or the circuit court in which the appellant does business or resides for judicial review on the administrative record provided that such appeal is filed within 30 days after issuance of such order."
The APA contains an express exception to its applicability where the foregoing provision applies. The APA states in pertinent part, that "[e]xcept as provided in subsection (6) ofsubsection (c) of section 22-22A-7, judicial review of any order of the environmental management commission modifying, approving or disapproving an administrative action of [ADEM] shall be in accordance with . . . [§] 41-22-20," Ala. Code 1975, § 41-22-27(f) (emphasis added). Stated differently, consistent with § 41-22-27(f) of the APA, where the APA at § 41-22-20 and the AEMA at § 22-22A-7(c)(6) conflict, the latter controls. Where there is no conflict, they are to be read together.
In this regard, the trial court held that the APA at §41-22-20 differed from § 22-22A-7(c)(6) as to perfecting an appeal in only one respect: the time for filing an appeal. Thus, concluded the trial court, all other requirements of the APA at § 41-22-20 as to perfecting an appeal applied to augment the requirements of § 22-22A-7(c)(6) of the AEMA.
The AEMA has simple and straightforward requirements at §22-22A-7(c)(6) for *Page 349 
perfecting an appeal from an order of the EMC. The AEMA does not require a petition for review, nor any bond. Rather, under § 22-22A-7(c)(6), it is sufficient that a notice of appeal is filed with the appropriate circuit court. Under §22-22A-7(c)(6), the notice of appeal must be filed with the appropriate circuit court "within" 30 days after an order of the EMC is issued. Venue is prescribed as appropriate in Montgomery County and in the county where the appellant does business or resides.[1] Ala. Code 1975, § 22-22A-7(c)(6).
As to each of the foregoing matters, the APA at § 41-22-20 is squarely at odds with § 22-22A-7(c)(6). For example, the APA at § 41-22-20 requires that the notice of appeal be filed with theagency "within 30 days after receipt of the notice of or other service of the final decision of the agency." Within 30 days after that filing, a "petition for review" (in a prescribed form and content) must be filed in the appropriate circuit court. As stated, the AEMA at § 22-22A-7(c)(6) directs that the notice of appeal be filed with the appropriate circuit court
within 30 days of the issuance of EMC's order. Under §22-22A-7(c)(6) there is no requirement of a petition for review.
The APA at § 41-22-20 approves of venue in Montgomery County, where the agency is headquartered, where any party (other than an intervenor) resides or, if such a party is a corporation, then where the corporation has a registered office or principal place of business in this state. The APA also requires a cost bond. In contrast, § 22-22A-7(c)(6) indicates as a proper venueonly Montgomery County or the county where the appellant resides or does business, and it requires no cost bond.
Because, in its requirements for perfecting an appeal, the APA at § 41-22-20 is different from § 22-22A-7(c)(6) in every material respect, § 41-22-20 does not, consistent with the exception to its applicability found at § 41-22-27(f), apply to prescribe requirements for perfecting an appeal from the EMC to the circuit court, such as this one.
In creating simple and brief requirements for perfecting an appeal at § 22-22A-7(c)(6), and in giving an exemption from the provisions of § 41-22-20 where § 22-22A-7(c)(6) applies, the legislature evidenced an understandable sensitivity to the gravity of the type of appeals covered by the AEMA at §22-22A-7(c)(6). These appeals often involve some risk of serious adverse effects to the health and welfare of the public and sometimes the risk of widespread and irreparable harm. Although technical requirements for perfecting an appeal have significant benefits, the greater the detail or the greater the number of technical requirements for perfecting any appeal, the greater the risk that an appeal will never be heard on its merits. Such increased risk is logically undesirable where, as here, potentially grave and far-reaching matters involving the public health and welfare are involved.
However, we emphasize that § 22-22A-7(c)(6) prescribes rules for perfecting appeals from the EMC. Thus, the " 'except as provided for' in § 22-22A-7(c)(6)" language found in the APA at § 41-20-27(f) would not apply to exclude the coverage of §41-22-20 where it addresses questions unrelated to perfecting such an appeal. See e.g., Ala. Code 1975, § 41-22-20(j) (which provides that "[t]he review shall be conducted by the court without a jury").
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Section 22-22A-7(c)(6) states literally that venue is proper in Montgomery County or "the circuit court in which the appellant does business or resides." Because one obviously does not "do business" or "reside" in a "circuit court," it is apparent that the legislature meant to say "in the circuit court of the county where the appellant does business or resides." *Page 350