PITTMAN, Judge.
These three appeals have been taken from a summary judgment entered by the Montgomery Circuit Court in judicial-review proceedings challenging the correctness of a decision of the Alabama Environmental Management Commission (“the Commission”) declining to review an order rendered by the Alabama Department of Environmental Management (“the Department”) assessing monetary sanctions against SDW, Inc. (“the developer”), a residential developer that purportedly discharged certain materials into an unnamed tributary (“the tributary”) of Cottondale Creek, a body of water that flows into Hurricane Creek. Because we conclude that the circuit court erred, as to the appeal taken by the Department and the Commission in case no. 2090633 and the appeal taken by the developer in case no. 2090466, we vacate the circuit court’s judgment and remand the cause for further proceedings; we dismiss as moot the cross-appeal taken by the Friends of Hurricane Creek (“FOHC”) and John Wathen (who had initiated the administrative-review and the judicial-review proceedings) in case no. 2090633.
Under Alabama law, the Department is the state agency primarily responsible for administering environmental legislation, *675 including the Alabama Water Pollution Control Act, Ala.Code 1975, § 22-22-1 et seq. See Ala.Code 1975, § 22-22A-2(l). The Department is vested with the discretion to “assess[] a civil penalty to any person who violates” various environmental statutes, including those pertaining to water pollution. Ala.Code 1975, § 22-22A-5(18)a. Such a penalty, if imposed, “shall not be less than $100.00 or exceed $25,000.00 for each violation,” subject to a $250,000 total, and each day that a violation continues is deemed, under Alabama law, to be a separate violation. Ala.Code 1975, § 22-22A-5(18)c.
Pursuant to notices of violation sent to the developer in July 2006 and January 2008 as to various claimed violations of best management practices as to its Williamsburg development in Tuscaloosa County, the Department, in September 2008, issued an administrative order determining that the developer should pay the Department a civil penalty of $20,000 and to take various measures designed to correct the conditions, such as the discharge of sediments from the Williamsburg development, that had been observed during the Department’s inspections. The Department and the developer were the sole parties to that administrative proceeding.
Under Alabama law, the Commission is the tribunal with statutory authority to “develop environmental policy for the state” and to “hear and determine appeals” brought by persons “aggrieved by ... administrative actionfs] of the [Department.” Ala.Code 1975, §§ 22-22A-6(a)(3) and (4) and 22-22A-7(c). The Commission, in administrative-appeal proceedings, has the authority to “modify! ], approvfe] or disapprov[e] the [Department's administrative action.” Ala.Code 1975, § 22-22A-7(c)(3).
In October 2008, FOHC and Wathen filed an administrative appeal with the Commission challenging the propriety of the Department’s order penalizing the developer; FOHC and Wathen contended that the Department’s order arbitrarily failed to make certain adverse findings as to the developer’s conduct and that the penalty amount assessed in the Department’s order was so low as to constitute an abuse of the Department’s discretion. The Department, appearing as a respondent in the administrative appeal, and the developer, appearing as an intervenor, each asserted, in addition to their substantive contentions, that FOHC and Wathen were not aggrieved parties entitled to appeal from the Department’s order. An evidentiary hearing in the case was held by a hearing officer, after which that officer transmitted to the Commission and the parties his recommended disposition of the appeal. As to the threshold standing issue, the hearing officer noted his “serious doubts” that FOHC and Wathen had suffered injury or had been threatened by injury as a result of the Department’s decision, but the hearing officer proceeded to assess the merits of the appeal, opining that the Department should have imposed a $21,325 penalty against the developer. After counsel for the Department, for the developer, and for FOHC and Wathen had filed objections to the hearing officer’s proposed order, the Commission, by majority vote, issued on August 21, 2009, a final order rejecting the proposed order prepared by the hearing officer, concluding that the appeal brought by FOHC and Wathen should be dismissed for lack of standing, and declining to rule on the substantive merits of the appeal.
Section 41-22-27(f), Ala.Code 1975, a portion of the Alabama Administrative Procedure Act (“the AAPA”), provides that “judicial review of any order of the ... [Cjommission modifying, approving or disapproving an administrative action of the ... Department ... shall be in accordance with the provisions for review of *676 final agency decisions in contested cases in [the AAPA at] Sections 41-22-20 and 41-22-21,” Ala.Code 1975, “[e]xcept as provided in subdivision (6) of subsection (c) of Section 22-22A-7,” Ala.Code 1975. Section 22-22A-7(c)(6), in turn, provides that “[a]ny order of the ... Commission ... modifying, approving or disapproving the [Department’s administrative action” is final [1] and “is appealable to the Montgomery County Circuit Court ... for judicial review on the administrative record provided that such appeal is filed within 30 days after issuance of such order.” Although § 41-22-20 sets forth a two-step process for securing judicial review, involving the filing of a notice of appeal with the agency and a petition for judicial review with the circuit court, the filing of a notice of appeal to the circuit court within 30 days has been held sufficient under § 22-22A-7(c)(6) to obtain review of a final order of the Commission. See Ex parte Plumbers & Steamfitters, Local 52, 622 So.2d 347 (Ala.1993).
On August 26, 2009, five days after the Commission had issued its order declining to hear the administrative appeal brought by FOHC and Wathen on the basis of lack of standing to seek administrative review, FOHC and Wathen, through counsel, filed a document in the Montgomery Circuit Court labeled “Notice of Appeal from Agency to Circuit Court” that stated as follows:
“NOTICE IS HEREBY GIVEN, pursuant to Ala.Code § 22-22A-7(c)(6), that [FOHC] and ... Wathen appeal to the Circuit Court for Montgomery County, Alabama, from the order of the ... Commission and final action of the ... Department ... entered in the matter of Friends of Hurricane Creek, et al. v. Alabama Dep’t of Envtl. Mgmt., et al., Docket No. 09-02 (Envt’l Mgmt. Comm’n) attached hereto.” *677 Alabama Home Builders Licensure Bd. v. Butler, 706 So.2d 1267, 1268 (Ala.Civ.App.1997); cf. Alabama Dep’t of Mental Health & Mental Retardation v. Marshall, 741 So.2d 434, 436 (Ala.Civ.App.1999) (although judgment stating only that agency’s findings and conclusions were contrary to the evidence contravened § 41-22-20(0, appeal from that judgment was dismissed as untimely).”
*676 On September 28, 2009, FOHC and Wathen filed a motion for a summary judgment, contending that there was no genuine issue of material fact and that the Commission’s order declining to reach the merits of the administrative appeal was in error as a matter of law. The Commission, the Department, and the developer filed responses in opposition, averring that FOHC and Wathen lacked standing to bring an administrative action. On March 10, 2010, after a hearing, the circuit court entered a judgment purporting to determine that the Department’s September 2008 order, not the Commission’s August 2009 decision declining to hear the administrative appeal from that order, was erroneous, citing Ala.Code 1975, § 41-22-20(k) (pertaining to judicial review generally); that court further ruled that the $20,000 penalty assessed by the Department in the September 2008 order was below the statutorily prescribed minimum penalty and directed that a new penalty be assessed. After the entry of that judgment, the Department and the Commission jointly filed a notice of appeal (case no. 2090633); FOHC and Wathen filed a cross-appeal (case no. 2090633); and the developer filed a separate notice of appeal (case no. 2090646). The appeals have been consolidated for decision by this court.
On appeal, the Commission, the Department, and the developer contend that the circuit court erred in failing to comply with Ala.Code 1975, § 41-22-20(£), which provides that, “[u]nless the court affirms the decision of the agency” (which in this case is the Commission’s order dis *677 missing FOHC and Wathen’s administrative appeal), “the court shall set out in writing ... the reasons for its decision.” We addressed the effect of that provision in Alabama State Personnel Board v. Carson, 939 So.2d 49, 51 (Ala.Civ.App.2006), in which we reversed a judgment entered by the same trial judge that rendered the judgment in this case:
“In a long line of cases since the 1981 adoption of the AAPA, we have required substantial compliance with § 41-22-20(1) on pain of reversal. For example, in Alabama Medicaid Agency v. Norred, 497 So.2d 176, 176 (Ala.Civ.App.1986), we reviewed a judgment reversing an administrative order in which the trial court stated, in pertinent part, that ‘ “[t]he Court is satisfied that according to the testimony and exhibits presented at ... [an administrative hearing], the conclusions and recommendations of the hearing officer are correct and that the [agency] was in error.” ’ In concluding that that statement of reasons was insufficient under § 41-22-20(0 and in reversing that judgment, we noted the limited and deferential standard of review due to be applied in circuit courts under the AAPA. 497 So.2d at 176-77; accord, Alabama Medicaid Agency v. Beverly Enters., 504 So.2d 1211, 1213 (Ala.Civ.App.1987) (‘this court, without a listing by the circuit court of its reasons for rejecting the Agency’s decision that reimbursement should be denied, cannot determine if the circuit court complied with the prescribed review standard’); Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala.Civ.App.1989) (‘the [circuit] court cannot merely recite the statutory grounds for reversal or modification set forth in § 41-22-20(k)[, Ala.Code 1975,] when setting aside an agency’s findings’); see also Alabama Renal Stone Inst. v. Trustees of Susie Parker Stringfellow Mem. Hosp., 680 So.2d 358 (Ala.Civ.App.1996); State of
The circuit court’s judgment in this case not only contravenes § 41-22-20(0 insofar as it purports to reverse the decision of the Commission without as much as a reference to the substantial, disputed question of whether FOHC or Wathen had standing to seek administrative review of the Department’s order — a question of substantial import, as evidenced by the absence of a majority rationale in Alabama Department of Environmental Management v. Legal Environmental Assistance Foundation, Inc., 973 So.2d 369 (Ala.Civ.App.2007)—but it also usurps the primary jurisdiction of the Commission under Ala.Code 1975, § 22-22A-7(c)(3), to determine, in the first instance, whether the Department’s order was correct. It is well settled that “an administrative determination in which is imbedded a legal question open to judicial review does not impliedly foreclose [an] administrative agency [such as the Commission], after its error has been corrected, from enforcing the legislative policy committed to its charge.” FCC v. Pottsville Broad. Co., 309 U.S. 134, 145, 60 S.Ct. 437, 84 L.Ed. 656 (1940).
Accordingly, we vacate the judgment of the circuit court. We remand the cause for the circuit court (a) to determine whether FOHC or Wathen is a party or an aggrieved person entitled to judicial review of the administrative decision of the Commission so as to invoke that court’s subject-matter jurisdiction (see Alabama De *678 partment of Environmental Management v. Legal Environmental Assistance Foundation, Inc., 973 So.2d at 380 (Pittman, J., concurring in the result, joined by Thomas, J.)); (b) if the court determines that such subject-matter jurisdiction exists, to determine whether FOHC or Wathen had standing to seek administrative review of the Department’s order; and (c) if the court determines that FOHC and/or Wathen indeed had standing to seek administrative review, to enter a judgment in compliance with § 41-22-20(Z) and to remand the cause to the Commission to decide the merits of the administrative appeal. We dismiss the cross-appeal taken by FOHC and Wathen as moot.
2090633 — JUDGMENT VACATED AND CAUSE REMANDED WITH INSTRUCTIONS; CROSS-APPEAL DISMISSED.
2090646 — JUDGMENT VACATED AND CAUSE REMANDED WITH INSTRUCTIONS.
BRYAN and THOMAS, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings.

. Ex parte Marshall Durbin & Co. of Jasper, Inc., 537 So.2d 496, 498 (Ala.1988), held that if the Commission determines that a person who has sought to take an appeal from an administrative action of the Department lacks standing to do so, that determination will likewise constitute a final order subject to judicial review.