PITTMAN, Judge.
These two consolidated appeals are taken from a judgment of the Montgomery Circuit Court determining that the Friends of Hurricane Creek (“FOHC”) and John Wathen have standing to seek (a) administrative review of an order entered by the Alabama Department of Environmental Management (“the Department”) assessing monetary sanctions against SDW, Inc. (“the developer”), a residential developer that purportedly discharged certain materials into an unnamed tributary (“the tributary”) of Cottondale Creek, a body of water that flows into Hurricane Creek; and (b) judicial review of an order entered by the Alabama Environmental Management Commission (“the Commission”) declining to address the merits of the administrative-review request made by FOHC and Wathen. The circuit court’s judgment was entered on remand from this court’s decision in Alabama Department of Environmental Management v. Friends of Hurricane Creek, 71 So.3d 673 (Ala.Civ.App.2011); that opinion summarizes much of the pertinent factual and legal background:
“Under Alabama law, the Department is the state agency primarily responsible for administering environmental legislation, including the Alabama Water Pollution Control Act, Ala.Code 1975, § 22-22-1 et seq. See Ala.Code 1975, § 22-22A-2(1). The Department is vested with the discretion to ‘assess[] a civil penalty to any person who violates’ various environmental statutes, including those pertaining to water pollution. Ala. Code 1975, § 22-22A-5(18)a. Such a penalty, if imposed, ‘shall not be less than $100.00 or exceed $25,000.00 for each violation,’[1] subject to a $250,000 total, and each day that a violation continues is deemed, under Alabama law, to be a separate violation. Ala.Code 1975, § 22-22A-5(18)c.
“Pursuant to notices of violation sent to the developer in July 2006 and January 2008 as to various claimed violations of best management practices as to its Williamsburg development in Tuscaloosa County, the Department, in September 2008, issued an administrative order determining that the developer should pay the Department a civil penalty of $20,000 and to take various measures designed to correct the conditions, such as the discharge of sediments from the Williamsburg development, that had been observed during the Department’s inspections. The Department and the developer were the sole parties to that administrative proceeding.
“Under Alabama law, the Commission is the tribunal with statutory authority to ‘develop environmental policy for the state’ and to ‘hear and determine appeals’ brought by persons ‘aggrieved by ... administrative action[s] of the [D]e-partment.’ Ala.Code 1975, §§ 22-22A-6(a)(3) and (4) and 22-22A-7(c). The *50 Commission, in administrative-appeal proceedings, has the authority to ‘modify[ ], approv[e] or disapproval the [D]e-partment’s administrative action.’ Ala. Code 1975, § 22-22A-7(c)(3).
“In October 2008, FOHC and Wathen filed an administrative appeal with the Commission challenging the propriety of the Department’s order penalizing the developer; FOHC and Wathen contended that the Department’s order arbitrarily failed to make certain adverse findings as to the developer’s conduct and that the penalty amount assessed in the Department’s order was so low as to constitute an abuse of the Department’s discretion. The Department, appearing as a respondent in the administrative appeal, and the developer, appearing as an intervenor, each asserted, in addition to their substantive contentions, that FOHC and Wathen were not aggrieved parties entitled to appeal from the Department’s order. An evidentiary hearing in the case was held by a hearing officer, after which that officer transmitted to the Commission and the parties his recommended disposition of the appeal. As to the threshold standing issue, the hearing officer noted his ‘serious doubts’ that FOHC and Wathen had suffered injury or had been threatened by injury as a result of the Department’s decision, but the hearing officer proceeded to assess the merits of the appeal, opining that the Department should have imposed a $21,325 penalty against the developer. After counsel for the Department, for the developer, and for FOHC and Wathen had filed objections to the hearing officer’s proposed order, the Commission, by majority vote, issued on August 21, 2009, a final order rejecting the proposed order prepared by the hearing officer, concluding that the appeal brought by FOHC and Wathen should be dismissed for lack of standing, and declining to rule on the substantive merits of the appeal.”
71 So.3d at 674-75.
FOHC and Wathen appealed from the Commission’s order to the Montgomery Circuit Court, which entered a judgment purporting to address the merits of the Department’s September 2008 order rather than the Commission’s August 2009 order and to direct that a new penalty be assessed against the developer. In our previous opinion, we concluded that the circuit court had erred in failing to consider the question of standing and had usurped the primary jurisdiction of the Commission to determine whether the Department’s order was correct. We remanded the cause to the circuit court for that court (a) “to determine whether FOHC or Wathen is a party or an aggrieved person entitled to judicial review of the administrative decision of the Commission so as to invoke that court’s subject-matter jurisdiction”; (b) “if the court determines that such subject-matter jurisdiction exists, to determine whether FOHC or Wathen had standing to seek administrative review of the Department’s order”; and (c) “if the court determines that FOHC and/or Wathen indeed had standing to seek administrative review, to enter a judgment in compliance with § 41-22 — 20(Z)[, Ala.Code 1975,] and to remand the cause to the Commission to decide the merits of the administrative appeal.” 71 So.3d at 677-78.
After the issuance of this court’s certificate of judgment in the earlier appeal, FOHC and Wathen moved for the entry of a summary judgment in their favor, seeking affirmative determinations as to the first and second issues addressed to the circuit court on remand and a judgment remanding the cause to the Commission for adjudication on the merits, and filed briefs in support of their position; the *51 developer filed a response in opposition, as did the Department and the Commission jointly. The circuit court entered a judgment on December 20, 2011, in which that court concluded that FOHC and Wathen were “ ‘persons aggrieved’ under Ala.Code 1975, § 22-22A-7(c),” and the Alabama Constitution so as to be “entitled to administrative review of’ the Department’s order and “entitled to judicial review of the administrative decision of the Commission”; the cause was remanded to the Commission for a decision on the merits. The developer, the Department, and the Commission have again appealed.
The Department and the Commission, in their briefs, generally assert that the circuit court’s judgment is wrong because, they say, Wathen failed to demonstrate at the Commission level any threatened or actual injury and that, as a result, the circuit court never acquired “judicial jurisdiction” to review the Commission’s order. In contrast, the developer takes a point-by-point approach to the circuit court’s judgment, separately attacking that court’s determinations as to administrative, statutory judicial, and constitutional judicial standing. Both sets of appellants, however, incorrectly assert that this court is to apply a deferential standard of review to the Commission’s no-standing decision; rather, the issue of standing, as FOHC and Wathen correctly note, presents a pure question of law, and intermediate rulings on that issue are not entitled to deference on appeal. See Medical Ass’n of Alabama v. Shoemake, 656 So.2d 863, 865 (Ala.Civ.App.1995).
We start with the proposition that, for a person to demonstrate standing to seek relief in the courts of Alabama, that person must show “ ‘(1) an actual concrete and particularized “injury in fact” — “an invasion of a legally protected interest”; (2) a “causal connection between the injury and the conduct complained of’; and (3) a likelihood that the injury will be “redressed by a favorable decision.” ’ ” Ex parte HealthSouth Corp., 974 So.2d 288, 293 (Ala.2007) (quoting Stiff v. Alabama Alcoholic Beverage Control Bd., 878 So.2d 1138, 1141 (Ala.2003), quoting in turn Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Those elements of an actual or imminent injury, causation, and redressa-bility, which have their origins in the “case or controversy” interpretive jurisprudence pertaining to Article III of the United States Constitution, amount to constitutional minima, at least as to the judicial branch. See Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida, 641 F.3d 1259, 1265 (11th Cir.2011); see also Pharmacia Corp. v. Suggs, 932 So.2d 95, 97 n. 4 (Ala.1999) (indicating that Section 139 of the Alabama Constitution of 1901 similarly empowers this state’s judiciary to “ ‘decide discrete cases and controversies involving particular parties and specific facts’” rather than answering abstract questions) (quoting Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999)); but see Climax Molybdenum Co. v. Secretary of Labor, 703 F.2d 447, 451 (10th Cir.1983) (indicating that administrative agencies are not bound by constitutional “case or controversy” requirements).
The principal case in which this court has examined the issue of standing of persons who are not subject to a proposed civil-penalty order of the Department under Ala.Code 1975, § 22-22A-5(18)c., is Alabama Department of Environmental Management v. Legal Environmental Assistance Foundation, 973 So.2d 369 (Ala.Civ.App.2007) (hereinafter “LEAF”). In LEAF, the Department proposed a consent order that would have assessed certain civil penalties against a violator of *52 emission standards, after which a third person submitted written comments objecting to the proposed order and requested that the proposed order be revised before its adoption. After the proposed order had been issued by the Department without change, the third person requested a hearing before the Commission on the matter; the Department objected to the hearing request, averring that the third person lacked standing because, the Department said, the third person had not suffered any threatened or actual harm as a result of the Department’s order and was not “aggrieved” by the order, and the Commission entered an order of dismissal agreeing with the Department’s position. However, after the third person sought judicial review of the Commission’s order, the circuit court, in its judgment reversing the Commission’s order, concluded that the third person had standing to seek judicial review because, the circuit court said, the third person had been aggrieved by the Commission’s order dismissing the hearing request.
After the Department appealed to this court, two judges of this court recused themselves, reducing the number of participating judges to three. The main opinion in LEAF, prepared by Presiding Judge Thompson, began by considering whether a third person’s right to a hearing before the Commission is dependent upon whether the third person was aggrieved by an order of the Department; the main opinion concluded that, notwithstanding contrary language in the title to Act No. 397, Ala. Acts 2003, which had modified Ala.Code 1975, §§ 22-22A-5 and 22-22A-7, only parties aggrieved, by orders of the Department could seek an administrative hearing before the Commission and could subsequently seek judicial review in the circuit courts of this state of a decision of the Commission. The third person in LEAF was determined, in the main opinion, not to have been so aggrieved, and the main opinion concluded that the circuit court’s judgment had been entered without subject-matter jurisdiction. In contrast, a special opinion adhered to by the other two sitting members of this court took issue with some of the premises and conclusions of the main opinion, particularly the premise that a nonaggrieved third person could not secure a right to an administrative hearing before the Commission, but did agree with the main opinion that the third person could not seek judicial relief in the circuit court without being an aggrieved party based upon rules of law governing judicial review of administrative actions generally. Thus, while LEAF did not, strictly speaking, have a majority rationale, the three participating members of this court agreed that the circuit court’s jurisdiction to decide an appeal from a decision of the Commission does indeed turn on whether a person who is neither the alleged violating party nor a state environmental-enforcement agency has standing to seek relief from the judiciary, an inquiry that leads this court back to the core question whether the three elements identified in Ex parte HealthSouth are present as to FOHC and Wathen.
In this case, the developer, in contending that the circuit court erred in determining that it had jurisdiction to hear the appeal taken by FOHC and Wathen, argues that two of the three elements set forth in HealthSouth — causation and re-dressability — are missing. In order to assess the soundness of that contention, we must turn to the record presented in the first appeal.[2]
*53 As we noted in our opinion in the first appeal in this case, “[although § 41-22-20 sets forth a two-step process for securing judicial review” that includes the filing of a petition for judicial review with the circuit court, “the filing of a notice of appeal to the circuit court within 30 days has been held sufficient under § 22-22A-7(c)(6) to obtain review of a final order of the Commission” under Ex parte Plumbers & Steamfitters, Local 52, 622 So.2d 347 (Ala.1993). 71 So.3d at 676. Because no judicial-review petition was filed, unlike in most administrative appeals, the record made in the circuit court in this case contains no initial pleading that might otherwise detail the contentions of FOHC and Wathen with respect to how the order of the Commission declining to disturb the order of the Department assessing a $20,000 penalty against the developer aggrieves them. However, the administrative record does contain the following pertinent averments on the part of FOHC and Wathen that, they contended, indicated their standing to seek review of the Department’s order:
“[FOHC] is an Alabama non-profit, membership corporation the purposes of which are to promote the understanding, appreciation, enjoyment, protection and stewardship of Hurricane Creek and all its water resources; and to maintain and restore the chemical, physical, and biological integrity of Hurricane Creek’s aquatic ecosystems. Members of Hurricane Creek use and enjoy the unnamed tributary of Cottondale Creek for recreation, including but not limited to wildlife observation, nature and landscape observation, and aesthetic enjoyment; Cottondale Creek for recreation including but not limited to kayaking, wildlife observation, nature and landscape observation and photography, and aesthetic enjoyment; and Hurricane Creek for recreation including but not limited to canoeing, kayaking, fishing, swimming, wildlife observation, nature and landscape observation and photography, and aesthetic enjoyment.
"... John Wathen uses and enjoys Cottondale Creek for recreation, including but not limited to kayaking, wildlife observation, nature and landscape observation and photography, and aesthetic enjoyment; and Hurricane Creek for recreation, including but not limited to canoeing, kayaking, fishing, wildlife observation, nature and landscape observation and photography, and aesthetic enjoyment.
“... The violations of NPDES Registration No. ALR165846, [Ala.] Admin. Code. [Envt’l Mgmt.] Chap. 335-6-12, and Ala.Code § 22-22-9 committed by [the developer] have diminished the recreational and aesthetic enjoyment of the unnamed tributary of Cottondale Creek, Cottondale Creek, and Hurricane Creek by members of [FOHC] and by John Wathen. [FOHC and Wathen] believe that the $20,000 penalty assessed in Order No. 08-203-MNPS is not sufficient to deter future violations of NPDES Registration No. ALR165846, [Ala.] Admin. Code. [Envt’l Mgmt.] Chap. 335-6-12, and Ala.Code § 22-22-9 by [the developer] and is not sufficient to redress the injuries suffered by [FOHC and Wathen]. [FOHC and Wathen’s] future recreational use and aesthetic enjoyment of the unnamed tributary of Cottondale Creek, Cotton-dale Creek, and Hurricane Creek will continue to be diminished because of their belief that the $20,000 penalty assessed in Order No. 08-203-MNPS is not sufficient to deter future violations.”
It is clear from the foregoing that the gravamen of FOHC’s and Wathen’s efforts are not challenging the actions of the Department or the Commission to regulate or *54 not to regulate them, but are only challenging actions directed toward the developer. As the Court noted in Lujan:
“When [a] suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be [shown] in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue .... When ... a plaintiffs asserted injury arises from the government’s allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed. In that circumstance, causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction — and perhaps on the response of others as well. The existence of one or more of the essential elements of standing ‘depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict,’ and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury. Thus, when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily ‘substantially more difficult’ to establish.”
504 U.S. at 561-62 (citations omitted).
It should be remembered in this regard that the ultimate relief sought by FOHC and Wathen in their filings is in the nature of an increased civil penalty payable to the State of Alabama with respect to a completed violation of environmental laws and regulations — violations that, the Commission’s hearing officer determined, caused no objective injury to Hurricane Creek or its tributaries. Any aesthetic or psychic injury done to Wathen or the members of FOHC resulting from the possible continued existence of turbid waters downstream from the developer’s Williamsburg development will thus not be remedied; rather, those persons will derive only the abstract satisfaction that a perceived wrongdoer such as the developer has received what might be viewed as “just desserts” for environmental violations. Such “[r]elief that does not remedy the injury” does not satisfy the redressability element of standing. Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Although we acknowledge that civil penalties that are payable to the public fisc may benefit plaintiffs so as to warrant a finding of redressability if the penalties encourage a defendant to abate current violations and prevent future ones, see generally Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 186-88, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), the record in this case reveals that the developer had divested itself by mid-2008 of its interests in all but 4 of the 47 lots in the Williamsburg subdivision and that the developer’s principal owner testified that the developer is now unprofitable and would struggle to pay even the relatively low penalty levied by the Department.
Because we agree with the developer that FOHC and Wathen lack standing to assert their claims seeking additional penalties against the developer because of a failure to demonstrate causation and re-dressability in this setting, we conclude that the circuit court erred in exercising jurisdiction to review the order of the Commission declining to review the merits *55 of the Department’s civil-penalty order.[3] Because a judgment entered without jurisdiction is void and a void judgment will not support an appeal, see LEAF, 973 So.2d at 380, we dismiss the appeals taken by the Department, the Commission, and the developer; in so doing, however, we instruct the circuit court to vacate its December 20, 2011, judgment and to dismiss the appeal taken by FOHC and Wathen.
APPEALS DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. That portion of § 22-22A-5(18)c. providing for a $100 minimum penalty has been repealed. See Act No. 2011-612, Ala. Acts 2011. We express no opinion regarding the effect of that repeal upon this case.

. This court has, by order, incorporated the record from the first appeal into the record in this appeal.

. Based upon our conclusion as to the fundamental issue of standing to seek judicial review, we pretermit consideration of other issues presented by the appellants, including whether FOHC and Wathen had standing to seek administrative review.