136 So.2d 11 (1962)
Harry KATZ and Hilda Katz, His Wife, Appellants,
v.
RED TOP SEDAN SERVICE, INC., a Florida Corporation, Appellee.
No. 61-540.
District Court of Appeal of Florida. Third District.
January 4, 1962.
Rehearing Denied January 22, 1962.
Daniel L. Ginsberg and Sheldon R. Rosenthal, Miami, for appellants.
*12 Ross, Reinhardt & Preddy, Miami, and Gilbert A. Haddad, So. Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
The appellants (husband and wife), who were plaintiffs in the trial court in an action for personal injuries to the wife, seek reversal of a final judgment rendered upon a jury's verdict in their favor after a confession of liability by the defendant prior to the commencement of the trial; the judgment not being "wholly" in their favor they have a right to seek appellate review. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768; Zigler v. Erler Corporation, 102 Fla. 981, 136 So. 718; 2 Fla.Jur., Appeals, § 10.
The appellants, in seeking reversal, urge error in three particulars: (1) failure of the trial judge to adequately charge on the admissions of liability by the defendant; (2) failure of the trial judge to permit a question and answer of a treating physician, contained in a deposition, to be read into the evidence in regard to permanent disability; and (3) failure of the trial judge to permit evidence to be introduced as to the force and impact which caused the injury.
We find no merit in any of the contentions raised by the appellants. As to the first, the plaintiffs requested no affirmative charge on the admission of liability by the defendant. The record reflects that, repeatedly through the trial, it was brought to the attention of the jury that the defendant admitted liability and that the jury, in fact, found the defendant liable. As to the second, the question attempted to be elicited from the doctor as an expert witness did not meet the test of "reasonable medical certainty". See Westbrook v. Bacskai, Fla.App. 1958, 103 So.2d 241. The exclusion of this evidence on the point of permanent disability did not prevent the question of permanent disability being brought to the jury's attention, as there had already been introduced into evidence testimony by a local doctor in regard to permanent disability, and the rejected testimony could have been no more than cumulative. As to the third point, the injured party testified to the facts and circumstances surrounding the injury, and that the force which injured her was by an automobile of the defendant, parked on a ramp, which rolled down and pinned her between the bumper of her car and that of the defendant, causing her to black out. The defendant offered no testimony to refute the evidence of the injured party and, therefore, liability having been admitted, no error is shown in the ruling of the trial judge preventing further evidence as to the force and impact that caused the injury. The appellants rely heavily on the recent case of Schoeppl v. Okolowitz, Fla.App. 1961, 133 So.2d 124. The opinion in the cited case has been reviewed, and we do not find that it extends the principles laid down in Barton v. Miami Transit Co., Fla. 1949, 42 So.2d 849. Therefore, the final judgment is affirmed.
Affirmed.