**THE NEW L & N SALES AND MARKETING, INC.,** Plaintiff–Appellee,

v.

**Rommy Hunt REVSON,** Plaintiff–Appellant,

v.

**MATTEL, INC. and Toys "R" US, Inc., Defendants.**

No. 01–1126.

United States Court of Appeals, Federal Circuit.

Jan. 30, 2002.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

### DECISION

PER CURIAM.

Rommy Hunt Revson appeals from the decision of the United States District Court for the Eastern District of Pennsylvania declaring that The New L & N Sales and Marketing, Inc., by virtue of a February 11, 1993, license agreement ("the 1993 Agreement") between Revson and L & N, became the owner of all rights in U.S. Design Patent 292,030. *The New L & N Sales and Marketing, Inc. v. Mattel, Inc.,* No. 99–560, 2000 WL 730350 (E.D. Pa. June 6, 2000) (order). Because Revson lacks standing to bring this appeal, we *dismiss.*

We first address the threshold issue whether Revson has standing to pursue this appeal. Whether a party has standing to appeal is a question of law that we review *de novo. Prima Tek II L.L.C. v.*

*A–Roo Co.*, 222 F.3d 1372, 1376, 55 USPQ2d 1742, 1745 (Fed.Cir.2000).

Revson contends that she has a stake in the appeal because, if the district court's ruling is not corrected, she faces the prospect of liability for representing herself from 1993 to 1999 as the owner of the '030 patent to numerous licensees and infringers with whom she has settled. Revson also argues that she has standing because, as a condition of her not objecting to the settlement, L & N expressly consented to Revson commencing this appeal.

L & N argues that Revson lacks a stake in the present appeal because, even if the district court's ruling on whether the 1993 Agreement granted all rights in the '030 patent to L & N was incorrect, the grantback provision in a subsequent agreement between Revson and L & N in 1999 negates any concern that Revson would be subject to any liability as a result of that decision. L & N also contends that Revson is barred from bringing this appeal by the covenant not to sue contained in the final agreement between the parties, entered into in 2000.

Ordinarily, only a party that was aggrieved by a judgment may take an appeal. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). However, a prevailing party, such as Revson, may appeal from "an adverse ruling collateral to the judgment on the merits ... so long as that party retains a stake in the appeal satisfying the requirements of Art[icle] III." *Id.* at 333–34, 100 S.Ct. 1166; *see also Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal.*, 248 F.3d 1333, 1339, 58 USPQ2d 1681, 1684 (Fed.Cir.2001) (allowing prevailing defendant to appeal district court's order dismissing infringement action because that order "fail[ed] to fully address all avenues of potential infringement liability").

We agree with L & N that Revson does not have such a stake and therefore lacks standing to pursue this appeal. As a preliminary matter, parties cannot waive the requirements for jurisdiction under Article III by consent. *See Boeing Co. v. Comm'r of Patents and Trademarks*, 853 F.2d 878, 881, 7 USPQ2d 1487, 1489 (Fed.Cir.1988) ("The issue of standing calls into question the power of the court to hear and decide a case, and it is impossible for a party to waive this requirement. A court must dismiss an appeal whenever it becomes apparent that jurisdiction is lacking."). Revson therefore does not have standing merely because the parties purportedly consented to Revson's right to bring this appeal.

Furthermore, Revson's assertion that she might incur liability for representing herself from 1993 to 1999 as the owner of the '030 patent does not provide her with a stake in the appeal sufficient to satisfy Article III. Although "[t]he threat of an unfavorable determination in future litigation due to the res judicata effect of an adverse judicial determination" can provide a party with standing to appeal, *Nat'l Presto Indus., Inc. v. Dazey Corp.*, 107 F.3d 1576, 1579, 42 USPQ2d 1070, 1073 (Fed.Cir.1997), any such threat Revson faces is highly speculative. The grantback provision in the 1999 agreement makes explicit Revson's right to grant licenses under the '030 patent to stores located outside of L & N's "Exclusive Territory," a right Revson implicitly retained under the 1993 Agreement when she granted L & N only a nonexclusive license in that territory. Moreover, the 2000 agreement explicitly provides that "any monies previously collected by Revson [for past infringement of the '030 patent] belong to her." Revson therefore cannot incur liability to L & N, or any other party, for any licenses she granted be-

tween 1993 and 1999 that are covered by her retained rights, and she is also entitled to keep any royalties or payments that she received prior to the effective date of the 2000 agreement. Accordingly, we conclude that Revson does not have a stake in the appeal sufficient to provide her with Article III standing.*

Because Revson lacks standing to bring this appeal, we dismiss.

---

* Because we conclude that Revson does not have standing to bring this appeal, we need

not consider the effect of the covenant not to sue in the 2000 Agreement.