MOORE, Judge,
dissenting.
Tuscaloosa Resources, Inc. (“TRI”), argues on appeal that the decision of the Environmental Management Commission (“the Commission”) of the Alabama Department of Environmental Management (“ADEM”) that the Alabama Rivers Alliance and Friends of Hurricane Creek (hereinafter referred to collectively as “ARA”) had standing “subjects TRI to additional litigation (e.g., ARA’s Montgomery appeal), damages TRI’s public image, and weakens procedural protections against future challenges to TRI’s permit(s) and operations, not only at the operation covered by the Permit, but at TRI’s other locations.” TRI correctly asserts that “a citizen who wishes to contest issuance of an environmental permit must establish constitutional standing to do so and that the citizen’s standing is dependent, in part, on the citizen proving a causal connection between the permitted activities sought to be challenged and the citizen’s alleged injury.” See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); and Alabama Dep’t of Envtl. Mgmt. v. Friends of Hurricane Creek, 114 So.3d 47 (Ala.Civ.App.2012).
I agree with the following statement of law in the main opinion:
“Section 41-22-20[, Ala.Code 1975,] provides, in pertinent part:
“ ‘(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.’
“(Emphasis added.)
“Black’s Law Dictionary 1232 (9th ed. 2009) defines an ‘aggrieved party’ as ‘[a] party entitled to a remedy; esp., a party whose personal, pecuniary, or property rights have been adversely affected by another person’s actions or by a court’s decree or judgment.’ In Alabama Department of Environmental Management v. Friends of Hurricane Creek, 114 So.3d 47, 51 (Ala.Civ.App.2012), this court discussed what constituted an ‘aggrieved’ person under the [Alabama Administrative Procedure Act].
“ “We start with the proposition that, for a person to demonstrate standing to seek relief in the courts of Alabama, that person must show “ ‘(1) an actual concrete and particularized “injury in fact’ ” — “an invasion of a legally protected interest”; (2) a “causal connection between the injury and the conduct complained of’; and (3) a likelihood that the injury will be “redressed by a favorable decision.” ’ ” Ex parte HealthSouth Corp., 974 So.2d 288, 293 (Ala.2007) (quoting Stiff v. Alabama Alcoholic Beverage Control Bd., 878 So.2d 1138, 1141 (Ala.2003), quoting in turn Lujan v. Defenders of Wildlife, 504 U.S. 555, 560- *595 61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Those elements of an actual or imminent injury, causation, and re-dressability, which have their origins in the “case or controversy” interpretive jurisprudence pertaining to Article III of the United States Constitution, amount to constitutional minima, at least as to the judicial branch. See Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida, 641 F.3d 1259, 1265 (11th Cir.2011); see also Pharmacia Corp. v. Suggs, 932 So.2d 95, 97 n. 4 (Ala.[2005]) (indicating that Section 139 of the Alabama Constitution of 1901 similarly empowers this state’s judiciary to “‘decide discrete cases and controversies involving particular parties and specific facts’ ” rather than answering abstract questions) (quoting Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999)); but see Climax Molybdenum Co. v. Secretary of Labor, 703 F.2d 447, 451 (10th Cir.1983) (indicating that administrative agencies are not bound by constitutional “case or controversy” requirements).’ ”
165 So.3d at 592-93. I cannot agree with the main opinion, however, that TRI is an aggrieved party within the law as stated therein. 165 So.3d at 593. Specifically, I conclude that TRI has not shown that it has suffered “an actual concrete and particularized ‘injury in fact’ — ‘an invasion of a legally protected interest.’ ”
The main opinion, citing Personnel Board of Jefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985), adopts TRI’s assertions that the Commission’s ruling subjects TRI to additional litigation because “TRI now must take on the expense and risk required to defend ARA’s appeal of the Commission’s decision in the Montgomery Circuit Court.” 165 So.3d at 593. The main opinion further observes that, “if the trial court in the underlying appeal reverses the Commission’s ruling on the issue of ARA’s standing, TRI would not be required to address the merits of the issuance of the permit.” 165 So.3d at 593.
Although the main opinion relies oh Bailey, I find the circumstances in Bailey to be distinguishable from those in the present case. In Bailey, a deputy sheriff filed a grievance with the Jefferson County Personnel Board (“the Board”), asserting that the sheriff had transferred him from patrol duty to jail duty in the sheriffs department for disciplinary reasons. 475 So.2d at 865. The Board determined that the deputy sheriffs complaint was “grievable,” proceeded to hear the merits of the complaint, and ultimately ruled in the deputy sheriffs favor, ordering that he be reinstated to the patrol division. Id. The sheriff then filed a complaint in the circuit court, seeking a judgment declaring that matters of job assignment, placement, and transfer are prerogatives of the sheriff and, thus, not subject to review by the Board and that the Board’s decision was erroneous. Id. The circuit court ultimately entered a final judgment ruling that the Board’s decision was arbitrary and capricious; the deputy sheriff and the Board appealed from that portion of the circuit court’s order. Id. The circuit court had previously entered a partial summary judgment, finding that the deputy sheriffs complaint had been properly before the Board for its consideration; the sheriff cross-appealed from that portion of the judgment. Id.
In determining that, although the sheriff was the prevailing party below, the sheriff had the right to cross-appeal the circuit court’s finding on the grievability issue, this court observed that “the court’s decision could have a prejudicial effect on [the sheriffs] authority to assign and discipline subordinates in his department.” Id. at 866. This court considered the ease of Price v. South Central Bell, 294 Ala. 144, *596 313 So.2d 184 (1975), in reaching its conclusion as to that matter in Bailey,[1] In Price, the prevailing party below and the appellee before the Alabama Supreme Court attempted to circumvent the decision reached on the merits in its favor in the circuit court and to avoid a potentially unfavorable decision on appeal by arguing that the action should have been dismissed because the appellant had failed to prosecute the action in the name of the real party in interest. 294 Ala. at 150, 313 So.2d at 189. The Alabama Supreme Court explained that “[i]f an appellee wishes to have rulings of the trial court adverse to it reviewed, an appellee must either take a cross-appeal or cross-assign errors upon the record brought up by appellant.” Id.
This court determined in Bailey that the sheriff merely had the right to cross-appeal, not to initiate an independent appeal on the grievability issue. The main opinion in the present case impropérly expands that determination to allow for an independent appeal for appellants who are the prevailing parties in the circuit court. The reliance on Price by this court in Bailey supports the assertion that the sheriff in Bailey, and TRI in the present case, would not have standing to bring an independent appeal because they were the prevailing party in the lower court.
In Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida, 641 F.3d 1259, 1265 (11th Cir.2011), cited in Alabama Department of Environmental Management v. Friends of Hurricane Creek, supra, which is quoted by the main opinion and recited above, the Eleventh Circuit Court of Appeals observed:
“‘“[W]e should not speculate concerning the existence of standing” ’ because we ‘ “lack[ ] the power to create jurisdiction by embellishing a deficient allegation of injury.” ’ DiMaio v. Democratic Nat’l Comm., 520 F.3d 1299, 1301 (11th Cir.2008) (quoting Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir.2006)),”
TRI filed the present appeal to this court on April 26, 2010. ARA filed an appeal of the Commission’s decision to the Montgomery Circuit Court on May 26, 2010. Thus, at the time TRI filed its appeal, no appeal by ARA of the Commission’s decision in favor of TRI was pending. As a result, any purported damage to TRI as a result of its potentially being required to defend an appeal by ARA was only speculative, not concrete, at the time TRI filed its appeal. In accordance with the instruction of Hollywood Mobile Estates, it would be error to speculate so as to bestow TRI with standing to appeal in this case.[2]
With regard to TRI’s argument, and the main opinion’s agreement therewith, that, had the Commission determined that ARA did not have standing, TRI would not have been required to undergo further litigation and incur expenses in addressing the merits of the issuance of the permit, 165 So.3d at 593, I note that, under such circumstances, ARA could appeal the Commission’s decision that it did not have *597 standing, causing TRI to undergo further litigation, including costs and time. TRI’s argument is circular; to accept its argument as the main opinion has done would allow any prevailing party to claim as damage the possibility of additional time and expense in defending an appeal and/or further litigation by the opposing party in any action. Indeed, had the Commission determined that ARA did not have standing, TRI might have been required to take on the additional time and expense of defending an appeal of that decision by ARA as well. Accordingly, TRI does not have standing to independently appeal a decision wholly in its favor.
The main opinion also agrees with TRI “that the Commission’s ruling weakens procedural protections against challenges to any permits TRI might require for future operations.” 165 So.3d at 593-94. Again, the only support for that statement is grounded in Bailey, which I have distinguished above. TRI offered no further citation to authority in support of that assertion. I note further, however, that in order for the Commission’s determination that ARA had standing in the present case to affect the issuance of future permits by TRI, any challenger to future permits would have to invoke the doctrine of collateral estoppel.
“In order for the doctrine of collateral estoppel to apply to an issue raised in an administrative proceeding, the following elements must be present:
“ ‘ “ ‘(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be es-topped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.’ ” ’ ” ■
Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 445 (Ala.1999) (quoting Ex parte Smith, 683 So.2d 431, 433 (Ala.1996), quoting in turn Ex parte Shelby Med. Ctr., Inc., 564 So.2d 63, 68 (Ala.1990)). See also Ex parte Buffalo Rock Co., 941 So.2d 273, 277 (Ala.2006). Because the finding that ARA had standing in the present case was not necessary to the administrative decision, collateral estoppel will not act to allow ARA standing in any future challenge to a permit being sought by TRI. Thus, that argument by TRI is similarly without merit. Additionally, I note that any assertion that potential future applications for permits by TRI may be impacted is similarly based on pure conjecture and speculation, as are TRI’s remaining assertions regarding potential damage.
Because I believe the main opinion improperly allows TRI to bring an independent appeal, misconstruing Bailey, and because I believe TRI, as a prevailing party below does not have standing to bring this appeal, I would dismiss TRI’s appeal. Accordingly, I respectfully dissent.

. This court also cited Katz v. Red Top Sedan Service, Inc., 136 So.2d 11 (Fla.Dist.Ct.App.1962). In that case, however, the appellants had been successful in the circuit court, but assigned errors based on their assertion that the damages awarded had been too minimal. Id. Thus, the decision in that case has no bearing on the considerations at issue in the present case.

. See also ACS Enters., Inc. v. Norristown Borough Zoning Hearing Bd., 659 A.2d 651, 654 (Pa.Cmwlth.Ct.1995) ("[A] prevailing party’s disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing.... [T]he mere possibility of future litigation does not satisfy the requirement that to be considered an aggrieved party, the party's interest must be immediately affected by a decision.”).