SHAW, Justice
(concurring in the result).
I am not convinced that the decision relied upon by the Court of Civil Appeals, *606 Personnel Board of Jefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985), supports that court’s decision. Specifically, the cross-appellant in that case, Sheriff Bailey, had filed a declaratory-judgment action seeking a determination whether the appellant, the Personnel Board of Jefferson County (“the Board”), had the power to overrule his personnel decision. He also filed what was deemed as a separate common-law certiorari petition challenging the merits of the Board’s holding that overruled his personnel decision.
Sheriff Bailey first received a nonfinal adverse judgment on the declaratory-judgment action and then also later received a favorable judgment on the certiorari petition. The Board appealed from the judgment against it on the certiorari petition, and Sheriff Bailey cross-appealed from the adverse judgment against him on the declaratory-judgment action. Even if the Board had filed no appeal, I see nothing preventing Sheriff Bailey from filing an independent appeal from the adverse judgment against him in the declaratory-judgment action. The analysis in Bailey, which focused on whether Sheriff Bailey could appeal from a favorable judgment, was misplaced — he was not appealing the favorable judgment on the certiorari petition. I see no support in Bailey for the Court of Civil Appeals’ decision in the instant case on the issue whether a party may appeal from a favorable judgment.
Both the Court of Civil Appeals’ decision in the instant case, as well as Judge Moore’s dissenting opinion, which is quoted at length in the main opinion, rely on the test for standing found in Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In my dissenting opinion in Ex parte Alabama Educational Television Commission, 151 So.3d 283 (Ala.2003), I rejected the application of Lujan in situations other than general constitutional challenges, especially when the legislature provides a cause of action and subject-matter jurisdiction by statute.
This case does not present a general constitutional challenge. Further, the legislature, in Ala.Code 1975, § 41-22-20(a), has provided Tuscaloosa Resources, Inc., with the right to appeal to the trial court when it is “aggrieved” by a decision of the Environmental Management Commission (“the Commission”). I agree with the portion of Judge Moore’s dissent, quoted in the main opinion, demonstrating that any “purported damage” to TRI by the Commission’s decision is only speculative and based on conjecture. I thus do not believe that TRI was “aggrieved” by the Commission’s decision for purposes of § 41-22-20(a).