THOMPSON, Presiding Judge.
Tuscaloosa Resources, Inc. (“TRI”), appeals from a judgment of the Tuscaloosa Circuit Court (“the trial court”) dismissing TRI’s appeal of a decision of the Environmental Management Commission (“the Commission”) of the Alabama Department of Environmental Management (“ADEM”).
The procedural history relevant to this appeal is as follows. TRI sought a water-pollution permit from ADEM. The Alabama Rivers Alliance and Friends of Hurricane Creek (hereinafter referred to *592 collectively as “ARA”) challenged the issuance of the permit through ADEM’s administrative-appeals process. One of the grounds TRI asserted in its defense of the issuance of the permit was whether ARA had standing to contest the permit. At the evidentiary hearing of the matter, TRI presented evidence regarding the standing issue. After the hearing, the hearing officer submitted his recommendations to the Commission. In turn, the Commission entered an order adopting the hearing officer’s recommendation, which, among other things, concluded that ARA did have standing to contest the permit, and it upheld the issuance of the permit to TRI.
TRI appealed the Commission’s order to the trial court. The trial court noted that, by statute, only aggrieved parties can appeal a decision of the Commission to the circuit court and found that TRI was not a “person aggrieved by the administrative action” of the Commission. Therefore, the trial court held, it did not have subject-matter jurisdiction over the appeal, and it dismissed TRI’s appeal.
TRI has now appealed the trial court’s judgment to this court. It asserts that the trial court incorrectly concluded that it was not aggrieved by the Commission’s decision because, it says, the Commission ruled adversely to TRI on the issue of ARA’s standing to contest the permit. TRI argues that as a result of the Commission’s decision that ARA did have standing in this case, it “is now faced with the additional time, expense and risks involved in defending ARA’s pending appeal of the part of the Commission’s decision upholding ADEM’s issuance of the permit” in the Montgomery Circuit Court. TRI also asserts that, among other things, the Commission’s determination that ARA had standing sets “injurious precedent” leading to the threat of increased litigation. TRI says that, because it received less than all of the relief it sought from the Commission, it is entitled to appeal from the decision.
This case does not involve issues related to the Commission’s procedures when hearing the appeal of an action taken by ADEM, see § 22-22A-7, Aa.Code 1975; therefore, our review of this case is governed by the Alabama Administrative Procedure Act (“AAPA”), § 41-22-20, Aa. Code 1975. See Alabama Dep’t of Envtl. Mgmt. v. Legal Envtl. Assistance Found., Inc., 973 So.2d 369, 375 n. 3 (Aa.Civ.App.2007) (quoting Plumbers & Steamfitters, Local 52 v. Alabama Dep’t of Envtl. Mgmt., 647 So.2d 793, 794-95 (Ala.Civ.App.1994) (“ ‘because [the case] concerns a matter unrelated to the perfecting of an appeal, judicial review of a decision of the Commission is governed by §§ 41-22-20 and -21’ ”)).
Section 41-22-20 provides, in pertinent part:
“(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.”
(Emphasis added.)
Black’s Law Dictionary 1232 (9th ed. 2009) defines an “aggrieved party” as “[a] party entitled to a remedy; esp., a party whose personal, pecuniary, or property rights have been adversely affected by another person’s actions or by a court’s decree or judgment.” In Alabama Department of Environmental Management v. Friends of Hurricane Creek, 114 So.3d 47, 51 (Aa.Civ.App.2012), this court discussed what constituted an “aggrieved” person under the AAPA.
“We start with the proposition that, for a person to demonstrate standing to seek relief in the courts of Aabama, that person must show ‘ “(1) an actual con *593 Crete and particularized ‘injury in fact’— ‘an invasion of a legally protected interest’; (2) a ‘causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be ‘redressed by a favorable decision.’ ” ’ Ex parte HealthSouth Corp., 974 So.2d 288, 293 (Ala.2007) (quoting Stiff v. Alabama Alcoholic Beverage Control Bd., 878 So.2d 1138, 1141 (Ala.2003), quoting in turn Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Those elements of an actual or imminent injury, causation, and redressability, which have their origins in the “case or controversy” interpretive jurisprudence pertaining to Article III of the United States Constitution, amount to constitutional minima, at least as to the judicial branch. See Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida, 641 F.3d 1259, 1265 (11th Cir.2011); see also Pharmacia Corp. v. Suggs, 932 So.2d 95, 97 n. 4 (Ala.[2005]) (indicating that Section 139 of the Alabama Constitution of 1901 similarly empowers this state’s judiciary to “ ‘decide discrete cases and controversies involving particular parties and specific facts” ’ rather than answering abstract questions) (quoting Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999)); but see Climax Molybdenum Co. v. Secretary of Labor, 703 F.2d 447, 451 (10th Cir.1983) (indicating that administrative agencies are not bound by constitutional ‘case or controversy requirements).”
One of the cases TRI cites in support of its argument that it was aggrieved by the Commission’s decision is Personnel Board of Jefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985). In Bailey, a deputy sheriff filed a grievance with the Jefferson County Personnel Board (“the Board”) complaining that Sheriff Bailey had improperly transferred him from patrol duty to jail duty. The Board found that the deputy sheriffs complaint was “grievable” and then, after a hearing on the merits, entered a decision reinstating the deputy sheriff to the patrol division. 475 So.2d at 865. Sheriff Bailey appealed the decision to the circuit court, seeking a judgment declaring that matters of job assignment were within the prerogative of the sheriff and not subject to review by the Board. The circuit court determined that the deputy sheriffs complaint was a matter properly considered by the Board but also held that the Board’s reinstatement of the deputy sheriff to patrol duty was arbitrary and capricious. The deputy sheriff appealed to this court, and Sheriff Bailey cross-appealed. Id.
The deputy sheriff asserted that, because Sheriff Bailey had prevailed, he did not have standing to cross-appeal. However, this court concluded that, because the circuit court’s decision “could have a prejudicial effect on [Sheriff Bailey’s] authority to assign and discipline subordinates in his department,” he had the right to cross-appeal the finding that the complaint was “grievable.” Id. at 866.
We find the rationale set forth in Bailey to be applicable in this case. TRI sought a ruling that ARA did not have standing to challenge the water-pollution permit that ADEM had issued. It argues that, in holding that ARA had standing, the Commission’s ruling subjects TRI to additional litigation, that is, TRI now must take on the expense and risk required to defend ARA’s appeal of the Commission’s decision in the Montgomery Circuit Court. However, if the trial court in the underlying appeal reverses the Commission’s ruling on the issue of ARA’s standing, TRI would not be required to address the merits of the issuance of the permit. Furthermore, we agree with TRI that the Commission’s ruling weakens procedural protections against challenges to any permits TRI *594 might require for future operations. Therefore, we conclude that TRI has demonstrated that it was aggrieved by the Commission’s decision that ARA had standing to challenge the permit.
Because TRI was aggrieved by the Commission’s decision, the trial court erred in dismissing TRI’s appeal. Accordingly, we reverse the judgment of the trial court, and we remand the cause for TRI’s appeal to be reinstated. In entering this judgment, this court expresses no opinion regarding the merits of TRI’s contention that ARA did not have standing to challenge the permit. That is a question to be answered, in the first instance, by the trial court.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing.
DONALDSON, J., recuses himself.