PARKER, Justice.
Alabama Rivers Alliance and Friends of Hurricane Creek (hereinafter collectively referred to as “ARA”) petitioned this Court for a writ of certiorari to review the Court of Civil Appeals’ decision reversing a judgment of the Tuscaloosa Circuit Court (“the trial court”) dismissing an appeal by Tuscaloosa Resources, Inc. (“TRI”), of a decision of the Environmental Management Commission (“the Commission”). See Tuscaloosa Res., Inc. v. Alabama Dep’t of Envtl. Mgmt., 165 So.3d 591 (Ala.Civ.App.2013). The Alabama De-# partment of Environmental Management (“ADEM”) oversees the Commission. We granted certiorari review to consider whether the Court of Civil Appeals’ decision conflicts with this Court’s decision in Price v. South Central Bell, 294 Ala. 144, 313 So.2d 184 (1975), and the Court of Civil Appeals’ decision in Personnel Board of Jefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985). See Rule 39(a)(1)(D), Ala. R.App. P. For the following reasons, we conclude that the Court of Civil Appeals’ decision in this case does conflict with Price and Bailey, and we reverse its judgment.

Facts and Procedural History

In Tuscaloosa Resources, the Court of Civil Appeals set forth the relevant facts and procedural history, as follows:
“TRI sought a water-pollution permit from ADEM. The Alabama Rivers Alliance and Friends of Hurricane Creek (hereinafter referred to collectively as ‘ARA’) challenged the issuance of the permit through ADEM’s administrative-appeals process. One of the grounds TRI asserted in its defense of the issu- *599 anee of the permit was whether ARA had standing to contest the permit. At the evidentiary hearing of the matter, TRI presented evidence regarding the standing issue. After the hearing, the hearing officer submitted his recommendations to the Commission. In turn, the Commission entered an order adopting the hearing officer’s recommendation, which, among other things, concluded that ARA did have standing to contest the permit, and it upheld the issuance of the permit to TRI.
“TRI appealed the Commission’s order to the trial court.[1] The trial court noted that, by statute, only aggrieved parties can appeal a decision of the Commission to the circuit court and found that TRI was not a ‘person aggrieved by the administrative action’ of the Commission. Therefore, the trial court held, it did not have subject-matter jurisdiction over the appeal, and it dismissed TRI’s appeal.”
165 So.3d at 591-92.

Standard, of Review

This case concerns TRI’s standing to appeal the Commission’s final decision in TRI’s favor. The facts related to TRI’s standing to appeal the decision are not in dispute; thus, only a question of law is presented for our review. This Court reviews questions of law de novo. National Ins. Ass’n v. Sockwell, 829 So.2d 111 (Ala.2002); Moss v. Williams, 822 So.2d 392 (Ala.2001); and Reed v. Board of Trs. of Alabama State Univ., 778 So.2d 791 (Ala.2000). See also New L & N Sales & Marketing, Inc. v. Revson, 29 Fed.Appx. 582, 582 (Fed.Cir.2002) (not selected for publication in the Federal Reporter )(“Whether a party has standing to appeal is a question of law that we review de novo.”); Garrison v. Garrison, 8 So.3d 904, 906 (Miss.Ct.App.2009)(“Whether a party has standing to appeal a trial court’s judgment is a question of law, which is reviewed de novo.”); and Anderson v. Access Med. Ctrs., 263 P.3d 328, 330 (Okla.Civ.App.2011) (“‘Whether a party lacks standing to appeal is a question of law, which this Court reviews de novo....’” (quoting In re Baby W., 220 P.3d 32, 32 (Okla.Civ.App.2009))).

Discussion

In Tuscaloosa Resources, the main opinion set forth the law the Court of Civil Appeals applied, as follows:
“This case does not involve issues related to the Commission’s procedures when hearing the appeal of an action taken by ADEM, see § 22-22A-7, Ala. Code 1975; therefore, our review of this case is governed by the Alabama Administrative Procedure Act (‘AAPA’), § 41-22-20, Ala.Code 1975. See Alabama Dep’t of Envtl. Mgmt. v. Legal Envtl. Assistance Found., Inc., 973 So.2d 369, 375 n. 3 (Ala.Civ.App.2007) (quoting Plumbers & Steamfitters, Local 52 v. Alabama Dep’t of Envtl. Mgmt., 647 *600 So.2d 793, 794-95 (Ala.Civ.App.1994) (“ ‘because [the case] concerns a matter unrelated to the perfecting of an appeal, judicial review of a decision of the Commission is governed by §§ 41-22-20 and -21’ ”)).
“Section 41-22-20 provides, in pertinent part:
“‘(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.’
“(Emphasis added.)
“Black’s Law Dictionary 1232 (9th ed.2009) defines an ‘aggrieved party’ as ‘[a] party entitled to a remedy; esp., a party whose personal, pecuniary, or property rights have been adversely affected by another person’s actions or by a court’s decree or judgment.’ In Alabama Department of Environmental Management v. Friends of Hurricane Creek, 114 So.3d 47, 51 (Ala.Civ.App.2012), this court discussed what constituted an ‘aggrieved’ person under the AAPA.
“ ‘We start with the proposition that, for a person to demonstrate standing to seek relief in the courts of Alabama, that person must show “ ‘(1) an actual concrete and particularized “injury in fact” — “an invasion of a legally protected interest”; (2) a “causal connection between the injury and the conduct complained of’; and (3) a likelihood that the injury will be “redressed by a favorable decision.” ’ ” Ex parte HealthSouth Corp., 974 So.2d 288, 293 (Ala.2007) (quoting Stiff v. Alabama Alcoholic Beverage Control Bd., 878 So.2d 1138, 1141 (Ala.2003), quoting in turn Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Those elements of an actual or imminent injury, causation, and re-dressability, which have their origins in the “case or controversy” interpretive jurisprudence pertaining to Article III of the United States Constitution, amount to constitutional minima, at least as to the judicial branch. See Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida, 641 F.3d 1259, 1265 (11th Cir.2011); see also Pharmacia Corp. v. Suggs, 932 So.2d 95, 97 n. 4 (Ala.[2005]) (indicating that Section 139 of the Alabama Constitution of 1901 similarly empowers this state’s judiciary to “ ‘decide discrete cases and controversies involving particular parties and specific facts’ ” rather than answering abstract questions) (quoting Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999)); but see Climax Molybdenum Co. v. Secretary of Labor, 703 F.2d 447, 451 (10th Cir.1983) (indicating that administrative agencies are not bound by constitutional “case or controversy” requirements).’ ”
165 So.3d at 592-93.
After setting forth the above law, the Court of Civil Appeals proceeded to analyze Bailey, supra:
“In Bailey, a deputy sheriff filed a grievance with the Jefferson County Personnel Board (‘the Board’) complaining that Sheriff Bailey had improperly transferred him from patrol duty to jail duty. The Board found that the deputy sheriffs complaint was ‘grievable’ and then, after a hearing on the merits, entered a decision reinstating the deputy sheriff to the patrol division. 475 So.2d at 865. Sheriff Bailey appealed the decision to the circuit court, seeking a judgment declaring that matters of job assignment were within the prerogative of the sheriff and not subject to review by the Board. The circuit court determined that the deputy sheriffs complaint was a *601 matter properly considered by the Board but also held that the Board’s reinstatement of the deputy sheriff to patrol duty was arbitrary and capricious. The deputy sheriff appealed to this court, and Sheriff Bailey cross-appealed. Id.
“The deputy sheriff asserted that, because Sheriff Bailey had prevailed, he did not have standing to cross-appeal. However, this court concluded that, because the circuit court’s decision ‘could have a prejudicial effect on [Sheriff Bailey’s] authority to assign and discipline subordinates in his department,’ he had the right to cross-appeal the finding that the complaint was ‘grievable.’ Id. at 866.”
Tuscaloosa Resources, 165 So.3d at 593.
Based on its analysis of Bailey, the Court of Civil Appeals then stated:
“We find the rationale set forth in Bailey to be applicable in this case. TRI sought a ruling that ARA did not have standing to challenge the water-pollution permit that ADEM had issued. It argues that, in holding that ARA had standing, the Commission’s ruling subjects TRI to additional litigation, that is, TRI now must take on the expense and risk required to defend ARA’s appeal of the Commission’s decision in the Montgomery Circuit Court. However, if the trial court in the underlying appeal reverses the Commission’s ruling on the issue of ARA’s standing, TRI would not be required to address the merits of the issuance of the permit. Furthermore, we agree with TRI that the Commission’s ruling weakens procedural protections against challenges to any permits TRI might require for future operations. Therefore, we conclude that TRI has demonstrated that it was aggrieved by the Commission’s decision that ARA had standing to challenge the permit.”
Tuscaloosa Resources, 165 So.3d at 593-94. Accordingly, the Court of Civil Appeals held that the trial court had erred in dismissing TRI’s appeal.
In its petition for certiorari review, ARA alleges that the main opinion in Tuscaloosa Resources conflicts with Price, supra, and Bailey, supra. Specifically, ARA alleges that the conclusion in Tuscaloosa Resources that TRI had standing to appeal the Commission’s decision to the trial court because TRI was aggrieved by the Commission’s decision that ARA had standing to challenge TRI’s application for a water-pollution permit, even though TRI received all the relief it requested from the Commission (TRI’s water-pollution permit was granted, even though the Commission determined that ARA had standing to challenge TRI’s application), conflicts with Price and Bailey. We granted certiorari review to address this issue.
For the reasons set forth in Judge Moore’s dissent in Tuscaloosa Resources, which is similar to the reasoning set forth by ARA in its brief before this Court, we hold that the Court of Civil Appeals’ opinion in Tuscaloosa Resources conflicts with Bailey and Price, and, thus, the Court of Civil Appeals’ judgment must be reversed. Judge Moore’s convincing dissent states, in pertinent part:
“The main opinion, citing Personnel Board of Jefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985), adopts TRI’s assertions that the Commission’s ruling subjects TRI to additional litigation because ‘TRI now must take on the expense and risk required to defend ARA’s appeal of the Commission’s decision in the Montgomery Circuit Court.’ 165 So.3d at 595. The main opinion further observes that, ‘if the trial court in the underlying appeal reverses the Commission’s ruling on the issue of ARA’s standing, TRI would not be required to *602 address the merits of the issuance of the permit.’ 165 So.3d at 593.
“Although the main opinion relies on Bailey, I find the circumstances in Bal-ley to be distinguishable from those in the present case. In Bailey, a deputy sheriff filed a grievance with the Jefferson County Personnel Board (‘the Board’), asserting that the sheriff had transferred him from patrol duty to jail duty in the sheriffs department for disciplinary reasons. 475 So.2d at 865. The Board determined that the deputy sheriffs complaint was ‘grievable,’ proceeded to hear- the merits of the complaint, and ultimately ruled in the deputy sheriffs favor, ordering that he be reinstated to the patrol division. Id. The sheriff then filed a complaint in the circuit court, seeking a judgment declaring that matters of job assignment, placement, and transfer are prerogatives of the sheriff and, thus, not subject to review by the Board and that the Board’s decision was erroneous. Id. The circuit court ultimately entered a final judgment ruling that the Board’s decision was arbitrary and capricious; the deputy sheriff and the Board appealed from that portion of the circuit court’s order. Id. The circuit court had previously entered a partial summary judgment, finding that the deputy sheriffs complaint had been properly before the Board for its consideration; the sheriff cross-appealed from that portion of the judgment. Id.
“In determining that, although the sheriff was the prevailing party below, the sheriff had the right to cross-appeal the circuit court’s finding on the grieva-bility issue, this court observed that ‘the court’s decision could have a prejudicial effect on [the sheriff’s] authority to assign and discipline subordinates in his department.’ Id. at 866. This court considered the case of Price v. South Central Bell, 294 Ala. 144, 313 So.2d 184 (1975), in reaching its conclusion as to that matter in Bailey.[1] In Price, the prevailing party below and the appellee before the Alabama Supreme’Court attempted to circumvent the decision reached on the merits in its favor in the circuit court and to avoid a potentially unfavorable decision on appeal by arguing that the action should have been dismissed because the appellant had failed to prosecute the action in the name of the real party in interest. 294 Ala. at 150, 313 So.2d at 189. The Alabama Supreme Court explained that ‘[i]f an appellee wishes to have rulings of the trial court adverse to it reviewed, an appellee must either take a cross-appeal or cross-assign errors upon the record brought up by appellant.’ Id.
“This court determined in Bailey that the sheriff merely had the right to cross-appeal, not to initiate an independent appeal on the grievability issue. The main opinion in the present case improperly expands that determination to allow for an independent appeal for appellants who are the prevailing parties in the circuit court. The reliance on Price by this court in Bailey supports the assertion that the sheriff in Bailey, and TRI in the present case, would not have standing to bring an independent appeal because they were the prevailing party in the lower court.
“In Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida, 641 F.3d 1259, 1265 (11th Cir.2011), cited in Alabama Department of Environmental Management v. Friends of Hurricane Creek, [114 So.3d 47 (Ala.Civ.App.2012) ], ... the Eleventh Circuit Court of Appeals observed:
“ ‘ “ ‘[W]e should not speculate concerning the existence of standing’ ” because we “ ‘lack[ ] the power to create jurisdiction by embellishing a deficient allegation of injury.’ ” DiMaio *603 v. Democratic Nat’l Comm., 520 F.3d 1299, 1301 (11th Cir.2008) (quoting Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir.2006)).’
“TRI filed the present appeal to this court on April 26, 2010. ARA filed an appeal of the Commission’s decision to the Montgomery Circuit Court on May 26, 2010. Thus, at the time TRI filed its appeal, no appeal by ARA of the Commission’s decision in favor of TRI was pending. As a result, any purported damage to TRI as a result of its potentially being required to defend an appeal by ARA was only speculative, not concrete, at the time TRI filed its appeal. In accordance with the instruction of Hollywood Mobile Estates, it would be error to speculate so as to bestow TRI with standing to appeal in this case.[2]
“With regal’d to TRI’s argument, and the main opinion’s agreement therewith, that, had the Commission determined that ARA did not have standing, TRI would not have been required to undergo further litigation and incur expenses in addressing the merits of the issuance of the permit, 165 So.3d at 596, I note that, under such circumstances, ARA could appeal the Commission’s decision that it did not have standing, causing TRI to undergo further litigation, including costs and time. TRI’s argument is circular; to accept its argument as the main opinion has done would allow any prevailing party to claim as damage the possibility of additional time and expense in defending an appeal and/or further litigation by the opposing party in any action. Indeed, had the Commission determined that ARA did not have standing, TRI might have been required to take on the additional time and expense of defending an appeal of that decision by ARA as well. Accordingly, TRI does not have standing to independently appeal a decision wholly in its favor.
“The main opinion also agrees with TRI ‘that the Commission’s ruling weakens procedural protections against challenges to any permits TRI might require for future operations.’ 165 So.3d at 597. Again, the only support for that statement is grounded in Bailey, which I have distinguished above. TRI offered no further citation to authority in support of that assertion....
“Because I believe the main opinion improperly allows TRI to bring an independent appeal, misconstruing Bailey, and because I believe TRI, as a prevailing party below does not have standing to bring this appeal, I would dismiss TRI’s appeal.
Tuscaloosa Resources, 165 So.3d at 595-97 (Moore, J., dissenting). Judge Moore properly concluded that TRI did not have standing to file an independent appeal from the judgment entered in TRI’s favor.

*604
Conclusion

Based on the foregoing, the judgment of the Court of Civil Appeals is reversed and the case remanded to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and MURDOCK and SHAW, JJ., concur in the result.

1. As set forth below, ARA subsequently filed an appeal in the Montgomery Circuit Court. Section 41-22-20(b), Ala.Code 1975, allows an aggrieved party to seek judicial review "either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.” TRI does not indicate in its brief before this Court why it believes that the Tuscaloosa Circuit Court was the appropriate venue for its appeal. In its motion to transfer ARA's appeal from the Montgomery Circuit Court, TRI indicated that venue was appropriate in the Tuscaloosa Circuit Court because ARA "perform[s] in Tuscaloosa County business functions for which [it was] created.”

“ 1This court also cited Katz v. Red Top Sedan Service, Inc., 136 So.2d 11 (Fla.Dist.Ct.App.1962). In that case, however, the appellants had been successful in the circuit court, but assigned errors based on their assertion that the damages awarded had been too minimal. Id. Thus, the decision in that case has no bearing on the considerations at issue in the present case.

“ 2See also ACS Enters., Inc. v. Norristown Borough Zoning Hearing Bd., 659 A.2d 651, 654 (Pa.Cmwlth.Ct.1995) (‘[A] prevailing party’s disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing.... [T]he mere possibility of future litigation does not satisfy the requirement that to be considered an aggrieved party, the party’s interest must be immediately affected by a decision.’).”