MURDOCK, Justice
(concurring in the result).
I agree with Judge Moore’s, and therefore the main opinion’s, understanding of Personnel Board of Jefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App.1985), and why it fails to support the proposition that a prevailing party in a case can file an appeal independent of an appeal by the losing party.[2] I am concerned, however, by the manner in which Judge Moore and this Court in the main opinion both use “standing” terminology to refer to an aggrieved party’s right to appeal. I believe this moniker presents the potential for confusion with the concept of, and the prerequisites for, the “standing” to sue that so often has drawn the attention of this Court in recent years.
Indeed, this potential appears to be realized to some extent even in Judge Moore’s dissenting opinion. In a portion of Judge Moore’s dissent quoted by the main opinion, he states that “ ‘any purported damage to [Tuscaloosa Resources, Inc. (“TRI”),] as a result of its potentially being required to defend an appeal by [Alabama Rivers Alliance and Friends of Hurricane Creek (collectively “ARA”) ] was only speculative, not concrete, at the time TRI filed its appeal.’’ ” 165 So.3d at 603 (quoting Tuscaloosa Res., Inc. v. Alabama Dep’t of Envtl. Mgmt., 165 So.3d 591, 596 (Ala.Civ.App.2013) (Moore, J., dissenting)). This statement implies that, but for the timing of things (the fact that ARA had not yet filed its own appeal when TRI attempted to file its appeal), the litigation costs and time that TRI would incur in defending an appeal by ARA should be considered a form of “injury” that would be relevant to a “standing”-to-appeal analysis. I find this implication to be contrary to the view embodied in the next paragraph of Judge Moore’s writing (with which I fully agree) that the time and expense of defending an appeal brought by an opposing party is not the type of injury that informs a “standing” analysis. Tuscaloosa Resources, 165 So.3d at 596 (Moore, J., dissenting). Standing is a concept concerned with substantive rights and injuries, not appellate-litigation time and costs.
The “standing” commonly addressed by this Court is a concept that speaks to whether a litigant has the requisite per *605 sonal, concrete interest to invoke the aid of the courts in the first place, i.e., to file a complaint commencing an action. TRI, or a litigant in its position, does not lose whatever personal, concrete interest it had at the outset of the litigation merely by virtue of prevailing in the initial adjudication of the dispute in a lower court or other tribunal; until such time as the adjudication of the dispute is at an end by virtue of the exhaustion of, or lack of proper invocation of, the appellate process, such a party has as much of an interest in relation to the dispute as it always had (and even then has what we normally think of as “standing” to seek enforcement of the judgment in its favor).
Although they may be somewhat analogous, the restraining principle at issue here and the issue of “standing” are two different things. See generally Joan Steinman, Shining a Light in a Dim Corner: Standing to Appeal and the Right to Defend a Judgment in the Federal Courts, 38 Ga. L.Rev. 813 (Spring 2004); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3902.1 (2d ed.1992). The term “standing to appeal,” which admittedly has been used by federal courts, is in actuality merely a way of referring to a statutorily granted “procedural right” to have some higher court conduct some further review of one’s case.
“Congress has vested appellate jurisdiction in the courts of appeals for review of final decisions of the district courts. 28 U.S.C. § 1291. Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it. Public Service Comm’n v. Brashear Freight Lines, Inc., 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 608 (1939); New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041 (1934); Corning v. Troy Iron & Nail Factory, 15 How. 451, 14 L.Ed. 768 (1854); 9 J. Moore, Federal Practice ¶ 203.06 (2d ed.1975). The mle is one of federal appellate practice, however, derived from the statutes granting appellate jurisdiction and the historic practices of the appellate courts; it does not have its source in the jurisdictional limitations of Art. III[, U.S. Const.].”
Deposit Guar. Nat’l Bank v. Roper, 445 U.S. 326, 333-34, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (emphasis added).[3]
That said, I agree with the main opinion to the extent it can be read as standing for the proposition that TRI was the prevailing party before the Commission and therefore did not have the “right” to file an appeal. Further, of course, even with the subsequent filing of an appeal by ARA, TRI had no right to “piecemeal” to some different “appellate” tribunal — i.e., other than one to which ARA had properly appealed — its request for consideration of an alternative ground for upholding the lower tribunal’s decision (which is what ARA’s alleged lack of “standing” to sue would have been in this case had it been meritorious). Nor could TRI “piecemeal” a cross-appeal (if it had a basis for one, which, unlike the sheriff in Bailey, I do not believe it does), to some “appellate” tribunal other than the one in which the losing party properly filed its appeal.

. I would stop short of the notion expressed in Justice Shaw’s special writing that, even in the absence of an appeal by the deputy sheriff of the circuit court’s ultimate decision that he was not entitled to reinstatement, there was "nothing preventing Sheriff Bailey from filing an independent appeal from the adverse judgment against him in the declaratory-judgment action” regarding the proper role of the Jefferson Personnel Board. 165 So.3d at 606 (Shaw, J., concurring in the result). I believe it fairly could be questioned whether, had the deputy acquiesced in the circuit court's decision reversing the personnel board’s action on its merits, there would have continued to be a present and actual controversy of the nature contemplated by the Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975, or the requirement of an ongoing "case or controversy” under Art. VI, § 139, Alabama Constitution 1901, for the continuation of an appeal. See Ex parte Valloze, 142 So.3d 504, 508 and n. 2 (Ala.2013). See also Harper v. Brown, Stagner, Richardson, Inc., 873 So.2d 220, 223 (Ala.2003) ("For a declaratory-judgment action to withstand a motion to dismiss there must be a bona fide justiciable controversy that should be settled.”).

. If there is any constitutional constraint on the ability of a prevailing party to appeal in the absence of an appeal by the losing party, it might be the loss of a continuing "case or controversy” as a result of the loss of an adverse party.